Judge Ukderwood delivered
the opinion of the court.
The only question in this case is, did the circuit court err in sustaining the demurrer to the declaration? The appellants instituted an action of debt against Sale and others, as heirs of Charles Scoggin, for the purpose of collecting from them the amount of a judgment which the declaration avers had been obtained against the said Charles in his life time. After setting forth the judgment against Scoggin, the declaration avers that it was “revived against Marius Hansbrough, the administrator, and yet remains unpaid and unsatisfied. Nevertheless, said defendants, or either of them, the said debt, or any part thereof, to the said plaintiff have not paid, &c.”
The proceedings, on the part of the appellants, were evidently intended to subject the heirs to the payment of the debt of their ancestor, under the provisions of the act of 1819, (1 Dig, 652.) It is our opinion that the averments of the declaration are not sufficient to bring the case of the appellants within the operation of that statute. The statute does not allow the institution of suit against the heirs, after judgment has been obtained against the executor or administrator, upon the contract of the ancester, unless “it shall appear by a judgment of record, or by the return of the proper officer, that there is not property of the deceased in the hands of the executor or administrator to satisfy the judgment.” '1 he declaration in this case does not-aver that there was no property of the deceased .inr *255 the bands of Hansbrough, the administrator, to satisfy the judgment; and that such appeared to he the fact from a judgment of record, or by the return of the proper officer. - The statement that the judgment against the administrator remained' “unpaid and unsatisfied,” is not sufficient. That may be true, and yet there may be property enough in the hands of the administrator with which to pay it. No execution may have been taken out against him Before the heirs can be rendered liable, the declaration must shew that-proper steps have been taken against the executor or administrator, and that they have resulted “in a judgment of record or a return of the proper officer,” manifesting a want of property of the deceased in the hands of his personal representative to satisfy the debt. This has not been done. The judgment of the court upon the demurrer, is therefore affirmed with costs.
Denny, for appellant.